Fedrich v Granite Bldg. 2, LLC (2018 NY Slip Op 06718)





Fedrich v Granite Bldg. 2, LLC


2018 NY Slip Op 06718


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-07094
 (Index No. 1836/11)

[*1]Joseph A. Fedrich, et al., appellants, 
v
Granite Building 2, LLC, defendant/third third-party plaintiff-respondent, Lalezarian Developers, Inc., defendant-respondent, et al., defendants; STAT Fire Sprinkler Inc., third third-party defendant (and other third-party actions).


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellants.
Torino & Bernstein, P.C., Mineola, NY (Thomas B. Hayn of counsel), for defendant/third third-party plaintiff-respondent, Granite Building 2, LLC, and defendant-respondent, Lalezarian Developers, Inc.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (James J. Lofrese of counsel), for third third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered June 9, 2016. The order, insofar as appealed from, granted the motion of the defendants Granite Building 2, LLC, and Lalezarian Developers, Inc., for summary judgment dismissing the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against them, and denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the defendants Granite Building 2, LLC, and Lalezarian Developers, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs to the defendants Granite Building 2, LLC, and Lalezarian Developers, Inc.
The facts of this case are set forth in this Court's decision and order on a related appeal (see Fedrich v Granite Building 2, LLC, _____ AD3d _____ [Appellate Division Docket No. 2014-09715; decided herewith]). In February 2008, the plaintiff Joseph A. Fedrich (hereinafter the injured plaintiff), then employed as a fire marshal by the Nassau County Fire Marshal's Office, allegedly was injured when he tripped over construction material at a building under construction. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendants Granite Building 2, LLC (hereinafter Granite), and Lalezarian Developers, Inc. (hereinafter Lalezarian), the owner and managing agent of the building, respectively, alleging, inter alia, a violation of General Municipal Law § 205-a. Granite and Lalezarian moved for summary judgment dismissing the General Municipal Law § 205-a cause of action insofar as asserted against [*2]them. The plaintiffs cross-moved for summary judgment on the issue of liability on the General Municipal Law § 205-a cause of action insofar as asserted against Granite and Lalezarian. The Supreme Court granted the motion and denied the cross motion, and the plaintiffs appeal.
We agree with the Supreme Court's determination to grant the motion of Granite and Lalezarian for summary judgment dismissing the General Municipal Law § 205-a cause of action insofar as asserted against them and to deny the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against Granite and Lalezarian. General Municipal Law § 205-a(1) provides a right of action for "any officer, member, agent or employee of any fire department" injured "while in the discharge or performance . . . of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department" "as a result of any neglect, omission, willful or culpable negligence" of the defendant "in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments."
Here, Granite and Lalezarian demonstrated their prima facie entitlement to judgment as a matter of law dismissing the General Municipal Law § 205-a cause of action insofar as asserted against them. The injured plaintiff was not an officer, member, or employee of any fire department. He was a fire marshal employed by the Nassau County Fire Marshal's Office who was conducting an inspection of the building when the accident allegedly occurred (see Nassau County Charter § 1704). In opposition, the plaintiffs failed to raise a triable issue of fact.
BALKIN, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court